UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONSTANCE WOODS-TYLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:20-cv-1884 |
| ) | |
| INDIANAPOLIS METROPOLITAN ) | |
| POLICE DEPARTMENT, J. STEWARD, ) | |
| B. GARNER, JOHN DOE 1, JOHN DOE 2 ) | |
| and JOHN DOE 3, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Constance Woods-Tyler, for her Complaint for Damages against Defendants Indianapolis Metropolitan Police Department, J. Steward, B. Garner, John Doe 1, John Doe 2 and John Doe 3, states as follows:

### PARTIES

1. Plaintiff is an adult person who is a citizen of Indiana.

2. Defendant Indianapolis Metropolitan Police Department ("IMPD") is a law enforcement agency of the City of Indianapolis.

3. Defendant J. Steward ("Officer Steward") is an adult person who is a police officer of IMPD and is a citizen of Indiana.

4. Defendant B. Garner ("Sergeant Garner") is an adult person who, upon information and belief, is a sergeant of IMPD.

5. Defendant John Doe 1 ("Officer Doe 1") is an adult person who, upon information and belief, is a police officer of IMPD and is a citizen of Indiana.

6. Defendant John Doe 2 ("Officer Doe 2") is an adult person who, upon information and belief, is a police officer of IMPD and is a citizen of Indiana.

7. Defendant John Doe 2 ("Officer Doe 3") is an adult person who, upon information and belief, is a police officer of IMPD and is a citizen of Indiana.

8. IMPD has refused to confirm its employment of any Defendants, the full name of Sergeant Garner and the identities of Officer Doe 1, Officer Doe 2 and Officer Doe 3.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331, the Court has jurisdiction over Plaintiff's claims arising from 42 U.S.C. § 1983, and pursuant to 28 U.S.C., the Court has jurisdiction over Plaintiff's claims based on Indiana law.

10. The Court has personal jurisdiction over Defendants Officer Steward, Sergeant Garner, Officer Doe 1, Officer Doe 2 and Officer Doe 3 because each of them is a citizen of Indiana and resides in this judicial district.

11. The Court has personal jurisdiction over IMPD because it is located and operates in this judicial district. Further, this matter arises from IMPD's employees' actions that occurred in this judicial district. Therefore, the Court has personal jurisdiction over IMPD.

12. Pursuant to 28 U.S.C. 1391(b)(2), venue is proper in this judicial district because the events giving rise to Plaintiff's claim, as well as Defendants' acts and omissions, occurred in it.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13. On June 16, 2020, at approximately 2:30 p.m., Plaintiff's nephew, A.H., called her and stated that he needed a ride from work, and asked that she pick him up from work.

14. Plaintiff agreed to pick up A.H. She was at the time caring for her 1-year-old daughter, A.B.T., her 6-year-old great nephew, B.L.F. and her 11-year-old daughter A.H.T. Plaintiff and the children got in a Plaintiff's vehicle and left to pick up A.H.

15. A.H. worked near a gas station located 3511 Post Road, Indianapolis, IN (the "Gas Station"), and he asked that Plaintiff pick him up there.

16. Approximately 15 to 20 minuets after A.H. called her, Plaintiff arrived at the Gas Station and saw A.H. standing on a sidewalk outside the convenience store located on the property. Plaintiff directed the Vehicle near A.H., and A.H. got in the front passenger seat.

17. A.H. was visibly distraught. Plaintiff therefore parked her vehicle, with its front bumper facing the convenience store, and, to console A.H., exited the Vehicle, and walked around to its passenger side. A.H. also exited the Vehicle. A.H. pointed to Officer Steward, who was in another portion of the Gas Station's parking lot, and advised Plaintiff that Officer Steward had physically threatened him.

18. Plaintiff and A.H. then reentered the Vehicle, in its driver and passenger seats, respectively. Plaintiff shifted the Vehicle into reverse and looked behind her to check for obstructions. She witnessed a police car directly behind her Vehicle, situated horizontally relative to it, blocking her Vehicle in its place.

19. Officer Steward exited the police car and approached and knocked on the driver side window of Plaintiff's Vehicle, prompting her to roll it down. Officer Steward then asked Plaintiff if she had a problem. After brief conversation, during which Officer Steward expressed no concerns or suspicions about Plaintiff's actions or activity, Plaintiff rolled the window back up.

20. Officer Steward remained situated next to the driver side window of Plaintiff's Vehicle, and his police car continued to block Plaintiff from driving away. Therefore, Plaintiff rolled the window down again and asked if she was being detained. Officer Steward responded in the negative, and Plaintiff therefore asked him to move his police car out of her Vehicle's way. Officer Steward left his police car as it was, continuing to block Plaintiff and her passengers from leaving.

21. Plaintiff then witnessed the arrival of two additional police cars, both with their emergency lights activated. The drivers of the two additional police cars parked their vehicles near Officer Steward's police car, ensuring that Plaintiff's continued to have no way of driving her Vehicle away.

22. One of the officers, Officer Doe 1, who had recently arrived, knocked on the front passenger side window of the Vehicle. The other officer, Officer Doe 2, who had recently arrived, knocked on the front driver side window of the Vehicle. Plaintiff rolled down the window and stated that Officer Steward had advised she was not being detained but that he had not moved his car and that now two additional police cars were blocking Plaintiff's direction of travel. Officer Doe 2 advised Plaintiff that

she was being detained. Plaintiff asked why, and Officer Doe 2 stated that his sergeant had advised he say nothing further until his sergeant arrived.

23. Eventually, Sergeant Garner arrived at the Gas Station. At that time, Plaintiff also saw Officer Doe 3, another police officer, on the scene alongside the other Defendants – all of whom were participating in the detention of Plaintiff and the other occupants of the Vehicle.

24. Sergeant Garner approached the front driver side of the Vehicle, and Plaintiff rolled down the window. Sergeant Garner asked Plaintiff her name, and she responded. None of the other Defendants had yet asked Plaintiff her name.

25. After Sergeant Garner's conversation with Plaintiff, and with A.H., he told Plaintiff she was free to leave and he instructed the other Defendants to move their police cars, which they did.

26. At approximately 4 p.m., well over an hour after she had arrived, Plaintiff was permitted to drive her Vehicle out of the Gas Station and leave.

27. The incident was, and is, emotionally traumatizing for Plaintiff, and for the occupants of her Vehicle.

## Count I – All Defendants–
## 42 U.S.C. § 1983 – Violation Of Fourth Amendment

28. Plaintiff incorporates the allegations above.

29. At all times relevant to this matter, Defendants, each of them, were acting under the color of the law of the State of Indiana.

30. The Fourth Amendment to the United States Constitution protects against unreasonable seizure.

31. Under the Fourth Amendment, to detain a person a law enforcement officer must have reasonable suspicion that the person detained is involved in criminal activity.

32. At all times relevant to this matter, IMPD was responsible for the acts and omissions of its employees and agents, including Officer Steward, Sergeant Garner, Officer Doe 1, Officer Doe 2 and Officer Doe 3.

33. At all times relevant to this matter Officer Steward, Sergeant Garner, Officer Doe 1, Officer Doe 2 and Officer Doe 3 were acting within the scope of their employment and/or agency of IMPD.

34. Defendants detained Plaintiff – both by using their police cars to restrict her Vehicle from moving and by stating to Plaintiff that she was detained – without reasonable suspicion that she was involved in criminal activity.

35. Because of Defendants' actions, Plaintiff did not feel she was able to (and literally was unable to) disregard Defendants and go about her business.

36. Defendants' unlawful detention of Plaintiff constitutes a violation of the Fourth Amendment to the United States Constitution.

37. Defendants' actions were entirely without justification and, therefore, were willful and malicious.

38. Because of Defendants' actions, Plaintiff has been damaged.

### Count II – IMPD – 42 U.S.C. § 1983 – Violation Of Fourth Amendment

39. Plaintiff incorporates her allegations above.

40. At all times relevant to this matter, the widespread practice of IMPD was for its officers to detain individuals, like Plaintiff, without reasonable suspicion of criminal activity.

41. This widespread practice was so permanent and well settled within IMPD so as to constitute a customer or usage with the force of law.

42. This widespread practice, when effectuated, constitutes a violation of the Fourth Amendment to the United States Constitution.

43. Defendants adhered to this widespread practice in their unlawful detention of Plaintiff.

44. This practice was a clear violation of the Fourth Amendment but continued due to IMPD's failure to train its employees, IMPD's failure to supervise its employees, and IMPD's failure to discipline its employees.

45. This widespread practice is without basis in the law and is willful and malicious.

46. Defendants' adherence to this widespread practice caused Plaintiff damage.

## Count III – False Imprisonment

47. Plaintiff incorporates her allegations above.

48. Defendants detained Plaintiff – both by using their police cars to restrict her Vehicle from moving and by stating to Plaintiff that she was detained – without her consent, without probable cause, and/or without reasonable suspicion that she was involved in criminal activity.

49. Defendants were not acting pursuant to a warrant.

50. Defendants unlawfully restrained Plaintiff's freedom of movement, and therefore falsely imprisoned her.

51. As a result, Plaintiff suffered damages.

Wherefore, Plaintiff Constance Woods-Tyler prays for judgment her favor and against Defendants Indianapolis Metropolitan Police Department, Jay Steward, B. Garner, John Doe 1, John Doe 2, John Doe 3 and Indianapolis Metropolitan Police Department, in an amount to be determined at trial, for a jury trial, for costs of this action and for compensatory damages, punitive damages, attorneys fees and all other appropriate relief.

## DEMAND FOR TRIAL BY JURY

Plaintiff Constance Woods-Tyler, pursuant to Fed. R. Civ. P. 38, prays for a trial by jury.

Respectfully submitted,

/s/ Ian Goodman
Ian Goodman
Joshua Lowry

*Attorneys for Plaintiff Constance-Woods Tyler*

Paganelli Law Group
10401 N. Meridian Street, Suite 450
Indianapolis, IN  46290
Tel:  317.550.1855
Fax: 317.569.6016
Email: ian@paganelligroup.com
          josh@paganelligroup.com